IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL CURTIS REYNOLDS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:19-CV-1132-JPG |
| DOCTOR FASIL VAKIL AHMED and WARDEN WERLICH, | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This case is before the Court on Plaintiff Michael Curtis Reynolds' "Emergency Expedited Injunction for Medical Malpractice Due to Unlicensed Medical 'Practitioner' 'Doctor' Ahmed." (Doc. 1). Plaintiff is an inmate at Federal Correctional Institution Greenville (FCI Greenville). The Court construes the filing as a motion for a temporary restraining order ("TRO") under Federal Rule of Civil Procedure 65. For the reasons stated below, the request for TRO is **DENIED without prejudice**.

Plaintiff's claim is that Doctor Fasil Ahmed, presumably a doctor at FCI Greenville, is practicing medicine without a valid license. (Doc. 1, p. 1). He claims that Ahmed has "caused injury to several parties, such as Donald Packham[.]" (*Id.*). He requests that an injunction issue to prevent Ahmed from practicing and a licensed doctor be brought in to "reevaluate" all his patients to determine damages. (*Id.*).

First, this action has not been properly initiated. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P.

3. In other words, "the first step in the action is the filing of the complaint." *Id.*, Advisory Committee Notes, 1937 Adoption. No Complaint has been filed in this case and the instant filing cannot be considered an adequate Complaint. While *pro se* litigants are not held to the same standards as licensed attorneys, they are not entitled to general dispensation from the rules of procedure. *See Wicker v. Illinois Dep't of Pub. Aid,* 215 F.3d 1331 (7th Cir. 2000) (*citing Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994)). Additionally, a party initiating civil litigation is required to either pay the filing fee or file a motion requesting *in forma pauperis* status. Plaintiff has done neither.

Second, Plaintiff has failed to state any grounds for relief. A federal prisoner who seeks relief for the misconduct of federal agents has three options for obtaining relief in federal court. He may bring a suit against the United States under the Federal Tort Claims Act ("FTCA") for misconduct of federal agents that is considered tortious under state law. *Sisk v. United States*, 756 F.2d 497, 500 n.4 (7th Cir. 1985) (citing 28 U.S.C. §§ 1346(6), 2680). He may bring a suit against the agent for a violation of his constitutional rights under the theory set forth in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Id. Or, he may bring both types of claims in the same suit. *See, e.g., Ting v. United States*, 927 F.2d 1504, 1513 n. 10 (9th Cir. 1991). Here, Plaintiff asserts only that Ahmed is practicing without a license, which is neither a tort nor a violation of Plaintiff's constitutional rights under any recognized *Bivens* action. Plaintiff fails to state how Ahmed's licensure status implicates him in any way.

Finally, to the extent Plaintiff suggests some harm may have been inflicted on another inmate by Ahmed, Plaintiff does not have standing pursuant to Article III of the Constitution to bring such a claim. "When considering whether a party satisfies the constitutional requirement of standing, the court must determine that the plaintiff himself has suffered some threatened or actual

injury resulting from the putatively illegal action." *Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999) (quotations omitted). Even if there were some cognizable claim by other inmates Plaintiff alleges were harmed by Ahmed, Plaintiff cannot bring the suit— he is only entitled to assert his own rights. *Id* at 739-40.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's "Emergency Expedited Injunction for Medical Malpractice Due to Unlicensed Medical 'Practitioner' 'Doctor' Ahmed." (Doc. 1) is **DENIED without prejudice**. The Court cannot screen a Complaint or consider a motion for injunctive relief until it receives a Complaint. If Plaintiff wishes to pursue this action, he must file a Complaint on or before November 8, 2019. Failure to do so will **result in dismissal** of this action under Federal Rule of Civil Procedure 41(b). If Plaintiff still seeks a temporary restraining order and/or preliminary injunction after filing a Complaint, he must file a new motion.

Further, Plaintiff must prepay his full $400.00 filing fee for this action or file a Motion for Leave to Proceed *In Forma Pauperis* ("IFP motion") along with a certified copy of his Trust Fund Statement for the 6-month period immediately preceding the filing of this action on or before **November 8, 2019**. Failure to do so will **result in dismissal** of this action under Federal Rule of Civil Procedure 41(b). To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to provide Plaintiff with both a complaint form and a blank form IFP motion.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 25, 2019**

                                            **s/J. Phil Gilbert**
                                            **J. PHIL GILBERT**
                                            **United States District Judge**